F I L E D

FEB 2 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# EXHIBIT A

# EDWARD CRUZ QUEVEDO
## Traductor Público Juramentado

## OFFICIAL TRANSLATION

### 3005-07

## THE REPUBLIC OF PERU
## NATIONAL IDENTIFICATION REGISTRY
## AND VITAL STATISTICS OFFICE

### BIRTH CERTIFICATE No. 60694607

**RECORDING OFFICE**

| | |
|---|---|
| Date: | September 21, 2000 |
| Department: | Lima |
| Province: | Lima |
| District: | San Isidro |

------------------------

| | |
|---|---|
| Full Name: | Valeria Carla VITERI PFLUCKER |
| Sex: | Female |
| Place of Birth: | Italian Private Hospital<br>Esq. Tomas Edison y Burgos s/n<br>District of San Isidro<br>Province and Department of Lima |
| Date of Birth: | August 24, 2000 at 10:06 a.m. |

------------------------

| | |
|---|---|
| Mother: | Gabriela Maria PFLUCKER LOPEZ |
| Age: | 27 |
| Nationality: | Peruvian |

Edward Cruz Quevedo
Certified Public Translator
Reg. No. 17

Birthplace:                              Lima

Identity Document:                 National Identity Document No. 07880901

Address:                              Jr. Tarapaca No. 255 -- 301, Miraflores

---------------------------------------

Father:                               Carlos Medardo Jesus VITERI PEREZ

Age:                                    39

Nationality:                          Peruvian

Birthplace:                           Lima

Identity Document:                 National Identity Document No. 07611248

---------------------------------------

Informant:                            The father and the mother

---------------------------------------

Registrar's name:                  Maria del Carmen AGUILAR ALVAREZ

Identity Document:                 National Identity Document No. 07810175

---------------------------------------

(SIGNED)
Informant I
Fingerprint

(SIGNED)
Informant II
Fingerprint

(SIGNED)
Maria del Carmen Aguilar Alvarez
Registrar

Edward Cruz Quevedo
Certified Public Translator
Reg. No. 17

**NATIONAL IDENTIFICATION REGISTRY
AND VITAL STATISTICS OFFICE
RECORDING OFFICE
BAR CODE No. 00462196**

The undersigned DOES HEREBY CERTIFY THAT this is a true and accurate copy of the original Certificate registered in the respective book and kept with the files of RENIEC.

Jesus Maria, November 14, 2007

(SIGNED)
Edgard Omar Chavez Breña
Certificates -- Jesus Maria Recording Office
National Identification Registry and Vital Statistics Office
Fingerprint

------------------------------

**THE REPUBLIC OF PERU
MINISTRY OF FOREIGN AFFAIRS
CONSULAR AFFAIRS BUREAU
Authentication No. 132888**

This is to legalize the signature of Edgard O. CHAVEZ BREÑA appearing above.
No responsibility is assumed for the contents of the document.

Lima, December 18, 2007

(SIGNED)
Gladys Mercedes Martinez Ledesma
Authentications Department
Consular Affairs Bureau

SEALS

------------------------------

VC/ECQ

The undersigned, Certified Public Translator, does hereby certify that the above is a true and correct translation of the original text In SPANISH hereto enclosed. No Responsibility is assumed for the authenticity of the content of the translated text.

In witness whereof, I have hereunto set my hand and seal In Lima this...2n.D.. Y.I.(.....day of ....D.D.C.C.M.B.R.C......2.0.0.7...............

Edward Cruz Quevedo
Certified Public Translator
Reg. No. 17


3005.07 00462196


República del Perú


RENIEC
REGISTRO NACIONAL DE IDENTIFICACIÓN Y ESTADO CIVIL

REPUBLICA DEL PERU
ACTA DE NACIMIENTO

MUNICIPALIDAD DE SAN ISIDRO
REGISTRADOR



F I L E D

FEB 2 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In Re Application Of:

CARLOS MEDARDO JESUS VITERI PEREZ,)
                                  )
         Petitioner,         )
                                    )
   vs.                        )
                                   )  Case No.
GABRIELA MARIA PFLUCKER LOPEZ,   )
                                   )
        Respondent.      )
                                   )

## AFFIDAVIT OF CARLOS VITERI IN SUPPORT OF PETITION FOR RETURN OF CHILD UNDER TO THE HAGUE CONVENTION

BEFORE ME, the undersigned authority, on this day personally appeared Carlos Viteri, known to me to be the person whose name is subscribed below, and who being by me first duly sworn, deposed as follows:

My name is Carlos Viteri. I am over eighteen years of age and otherwise competent to make this Affidavit. I am the father of Valeria Carla Viteri Pflucker. I have personal knowledge of the facts in this affidavit and each fact is true and correct.

1.      On August 24, 2000, Gabriela Maria Pflucker ("Gabriela") and I gave birth to a child named Valeria Carla Viteri Pflucker ("Valeria"). Gabriela and I are both Peruvian citizens and resided in Peru at the time of Valeria's birth. Gabriela and I were never married and our relationship ended in October of 2003.

2.      In or about October 2003, I filed a petition in a Peruvian family court seeking visitation rights over Valeria ("Regimen de Visita") under case number 183504-2003-00113-00. The petition was granted and I was awarded visitation on weekends and every Wednesday.

Gabriella appealed this order which was then affirmed by the Peruvian Superior Court ("Corte Superior de Justicia de Lima") on October 31, 2005.

3.    However, Gabriela refused to honor the visitation order entered and I was permitted to see Valeria only occasionally, usually at Gabriela's whim. I last saw my daughter on or about August 15, 2005.

4.    It is my understanding that Gabriela secured travel documents for Valeria by filing a petition in another jurisdiction within Perú and falsely claiming that she did not know my whereabouts. The Peruvian judge apparently granted Gabriela a 30 day tourist visa for travel to the United States based on her representations in Court.

5.    Gabriela left Perú with Valeria on September 3, 2005.

6.    I would not have consented to allowing Gabriela to take Valeria to the United States if I had known her intent to remain there.

7.    Gabriela should have returned to Perú on or before October 3, 2005 based on her tourist visa, but she did not return to my knowledge.

8.    After Gabriela did not return with Valeria, I contacted both the United States and Canadian consulates seeking information as to the whereabouts of Valeria and requesting her return to Perú. I also contacted Peruvian agencies to enlist their assistance in finding and returning Valeria to Perú.

9.    I subsequently learned that Valeria is presently residing with Gabriela at 321 W. Roosevelt Street in Freeport, Illinois.

10.    Given Gabriela's false statements to Peruvian authorities and her violation of her visa, I expect she will flee the jurisdiction of this Court when she learns of this Petition.

11.    The assistance of this Court is needed to ensure that the child is brought before

the Court for purposes of resolving this matter on the merits.



_____
CARLOS MEDARDO JESUS VITERI PEREZ

CHICAGO\2418100.1
IDARMT

**CERTIFICO:** QUE LA FIRMA QUE ANTECEDE

CORRESPONDE A _CARLOS MEDARDO_

_JESUS VITERI PEREZ_

DENTIFICADO (A) CON _DNI 07611248_

LIMA, 0 6 FEB 2008



ALEJANDRO RAMIREZ CARRANZA
NOTARIO DE LIMA



NOTARIA RAMIREZ CARRANZA
AV. ARENALES 2649 LINCE-LIMA
TELF.: 222-6281/222-5582 FAX: 440-3640
E-mail:notariaramirez@speedy.com.pe

3





# F I L E D

FEB 2 9 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# EXHIBIT C



**EAOB**
TRADUCCIONES

Interpretación - Traducción
INGLÉS - PORTUGUÉS - FRANCÉS

INGLÉS BÁSICO - INTERMEDIO - AVANZADO
ESPAÑOL PARA EXTRANJEROS

# *Esther Alicia Oliveros B.*

*Registered Translator*
*Registry CTP Nº 0106*

*The undersigned Registered Translator,*

*states that the following is the correct*

*and true translation from Spanish into English*

*of the enclosed document*



**(CERTIFIED TRANSLATION 3785/08)**

Lic. *Esther Alicia Oliveros Bustamante*
*Registered Translator*
*CTP 0106*

El Colibrí 149 Santa Anita
Telefax: 362 6072 - Cel.: 9909-6787
estheraliciaob@yahoo.com
www.estheroliveros.com

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3785-08

--------------------------------------------------------

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

## SUPERIOR COURT OF JUSTICE OF LIMA
## FOURTH FAMILY COURT OF LIMA

| | | |
|---|---|---|
| **FILE N°** | : | **183504-2003-00113-0** |
| **PLAINTIFF** | : | **VITERI PEREZ, CARLOS MEDARDO J.** |
| **DEFENDANT** | : | **PFLUCKER LOPEZ, GABRIELA MARÍA** |
| **MATTER** | : | **VISITING SCHEDULE** |
| **SPECIALIST** | : | **ISABEL CHIPANA GAMARRA** |

RESOLUTION N° THIRTY-SIX

Lima, October thirty-one, two thousand five

**WHEREAS;** FROM THE JUDICIAL PROCEEDINGS accompanying the Conventional Separation that lies in sight; it results that by means of a written document registered on pages from twenty-seven to thirty, CARLOS MEDARDO JESUS VITERI PEREZ has file a visiting schedule claim regarding his minor daughter VALERIA CARLA VITERI PFLUCKER, 2 years of age at the moment of filing its claim, which is addressed against GABRIELA MARIA PFLUCKER LOPEZ. The plaintiff states that as a product of his relations outside his marriage with the defendant his minor daughter was born on August twenty-eight year two-thousand; that in an untimely manner and with no valid argument the defendant is preventing the plaintiff to see his minor daughter under the pretense that the plaintiff does not comply with the alimony, in spite of the fact that on the Third Magistrate's Court of Lince the anticipated amount of alimony was set forth in one thousand eight hundred nuevos soles, monthly, which was appealed due to the fact that it was impossible to comply with. It is referred additionally, that he has the possibility to comply with alimony of three hundred and fifty nuevos soles, monthly, in favor of his minor daughter, and the plaintiff has deposited the said amount and despite this fact the defendant has prevented the plaintiff to see his minor daughter. The plaintiff support his claim in what is set forth

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

Esther Alicia Oliveros
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION
N° 3785-08

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

in the articles 236, 287, 422 and 470 of the Civil Code as well as in the article 92 and those that follow it of the Code of Children and Adolescents. Having the claim been admitted by resolution number one dated February seven, year two thousand three, the defendant was notified of the pleading, who replied to the claim in the terms of the  written document of the defendant in response to the above mentioned claim registered on pages one hundred and twenty to one hundred and twenty-six, requesting to dismiss the complaint as groundless since the father of her minor daughter is drug and alcohol dependent which will prevent a normal development in his relation with his daughter, generating violent reactions against the people around him, threaten his duties as a father of providing good example to his offspring. Stating that it is true that from their outside the marriage bond they procreated her daughter Valeria Carla, and has lived together with the plaintiff in the house property of her parents located in Tarapaca two-hundred fifty-five, department three-hundred one in Miraflores; she realized from this cohabitation of the illness of dependency on drugs and alcohol that the plaintiff experienced, giving rise to violent reactions and threats towards the person of the defendant and her daughter when the defendant did not consent to his consumption of drugs and ask him to receive some type of professional help; the defendant has been a victim of physical and psychological maltreatment when she was working at the enterprise and school of Hostelry and Tourism where the plaintiff is  the owner and manager. The defendant also refers that on August fifteen two thousand two the situations was untenable due to the plaintiff consumption of alcohol and cocaine that altered her tranquility and security, so the defendant decided not to allow the plaintiff living at her home, and the plaintiff opted to fire her from her job on August thirty first two thousand two and besides, the plaintiff did not comply with his obligations of alimony



Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION
N° 3785-08



(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

for her minor daughter so the defendant proceed to suit him for alimony before the Third Magistrates' Court for Lince and San Isidro, and before this situation now the plaintiff consigns the amount of three hundred fifty nuevos soles, monthly, dated February five, two thousand three, after being summon by the mentioned Court which determined an anticipated alimony of one thousand eight hundred nuevos soles.    That the plaintiff has neglected completely his alimony obligations, he has completely forgotten about the health and development of his minor daughter and even denied any help when his daughter was ill on August two thousand two. Finally states that the plaintiff has obligations towards his two other children Franco and Bruno, procreated from his marriage, as is shown in the process of Conventional Separation that is under execution, where it is proven that even though he has been requested for the payment of incurred alimony has paid an extremely low amount; and that this plaintiff's claim   of scheduling visits has been filed as a reaction to the alimony claim filed by the defendant; having the parties been summon to a single hearing, which was undertaken according to the terms registered in act on pages from one hundred and fifty-three to one hundred fifty-nine; was well as on pages three hundred nineteen to three hundred twenty-one; that after taking the actions of the admitted proofs, and after receiving the District Attorney ruling, is time to issue the sentence and, CONSIDERING: --

First.- That the offering of evidence objective is to support the facts submitted by the parties, produce a certainty in the Judge regarding the controversial point and provide basis for his decisions; corresponding to the burden of proof to who states facts that configure its claim or to who contradicts alleging new facts, except for different legal resolution, in compliance with the articles 188 and 196 of the Civil Procedure Code, a

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3785-08

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

norm that is applied as additional in compliance with what is set forth in article 182 of the New Code of Children and Adolescents. --------------------

Second.- That it is shown in the written claim registered on pages twenty-seven to thirty, that CARLOS MEDARDO JESUS VITERI PEREZ, request that a scheduling of visits be registered that will allow him to take his minor daughter VALERIA CARLA from the domicile of the defendant on Saturdays from eight-thirty in the morning and take her back on Sundays at six o'clock in the afternoons, as well as at any day of the week from seven to nine at night inside the domicile of the defendant. ----------------------------

Third.- That the defendant at replying to the terms of the claim points out that she does not agree with what is requested by the plaintiff when she states that the plaintiff is dependent of drugs and alcohol, which causes conduct problems; furthermore, she states that the plaintiff is paying an amount of alimony which is not the one sentenced by the Magistrates' Court where the process for alimony has been filed. --------------------------------

Fourth.- That being this claim a request of scheduling visits, the most advisable manner would have been that the same parents determine in common agreement the schedule of visits in favor of their minor daughter; however since this was not reached under the corresponding process act due to the reluctance of the defendant; it corresponds to issue a sentence on this matter considering what is normed by the article 88 of the Code of Children and Adolescents, when the documents submitted have been accredited by the plaintiff at the moment of filing his claim that he was complying with his alimony obligations. ----------------------------------------

Fourth.- That from the evidence proven in the process, it is set forth that the plaintiff is in suitable conditions to exert his right of visiting his minor daughter VALERIA CARLA VITERI PFLUCKER, who is presently five years and two months of age, as it is confirmed by her Birth Certificate registered on

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION
N° 3785-08



-----------------------------------------------------------

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

pages four; As for the psychology test done by the Multidisciplinary Team of the Psychology Area of the Family Court that is registered on pages three hundred fifty-one to three hundred fifty-two, it is inferred that the plaintiff does not show any psychological or psychopathological characteristics that prevents him to be in touch  and communication with his minor daughter; as it was also proved from the psychiatric test that was performed by the Legal Medicine Institute that is registered on pages three hundred fifty-six to three hundred fifty-eight.-------------------------------------------------

Fifth.- That regarding the social report that was undertaken at the domicile of the plaintiff by the Social Assistant of the Family Corporative Module registered on pages three hundred thirty-seven to three hundred thirty-nine, it is implied that the plaintiff domiciles with his concubine; being his house duly implemented and suitable for the girl in case she wants to remain in this place.-------------------------------------------------------------

Sixth.-   Likewise, at the moment of setting forth the scheduling of visits requested, it shall be taken into account what is set forth by the article 422 of the Civil Code, under caution of the rights of parents to keep, with its children which are not under its legal custody, personal relations pointed out by the circumstances; situation that would lead to determine a scheduling of visits considering the present age of the minor VALERIA CARLA, which will benefit the child, and because it is a right that every child that has been recognized as offspring has; further more, as it is implied from the psychological test that was taken to the above mentioned child which is registered on pages two hundred ninety-seven to two hundred ninety-eight, that this child being so young at the moment of undertaking the test, no emotional trauma was found as a consequence of the separation of her parents, nor there is no signs of mistreat from her

*Lic. Esther Alicia Oliveros Bustamante*
*Registered Translator*
*CTP 0106*

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION
N° 3785-08



----------------------------------------------------------------

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

parents; and it was found that she is emotionally bonded to the image of both parents and with the same intensity. ------------------------------------

Seventh.-   That from the performed and non glossed evidence, do not rendered ineffective to the preceding whereas clauses ; resulting therefore in covering this claim; in addition, if what has been acted upon and in accordance to the evidence of the toxicological tests registered on pages from three hundred forty-two to three hundred forty-seven, that were carried on the plaintiff, it lessens the value of the facts sustained by the defendant to deny the scheduling of visits in favor of her minor daughter. – Matters of fact by which and in compliance to what was sentenced by the representative of the Public Prosecutor Ministry registered on pages from four hundred sixty-three to four hundred sixty-six and what is set forth by article IX of the Preliminary Title of the Code of the Child and Adolescent and what is normed by the article 88 of the before mentioned code, to do justice in the name of the nation, the Fourth Family Court in Lima: RULES: It states to UPHOLD in part the claim registered on pages from twenty-seven to thirty filed by CARLOS MEDARDO JESUS VITERI PEREZ against GABRIELA MARIA PFLUCKER LOPEZ, regarding the scheduling of visits; consequently, IT IS DETERMINED as scheduling of visits for CARLOS MEDARDO JESUS VITERI PEREZ to pick up and be with his minor daughter VALERIA CARLA VITERI PFLUCKER every Sunday of every month from ten o'clock in the morning until six o'clock in the afternoon, time at which she must be returned to her mother's home; as well as every Wednesday of every month from five thirty in the afternoon to seven thirty at night in the house of the mother; IT IS REQUESTED, likewise to the parties, to receive psychological therapy in order to overcome the conflicts that have arisen by the existing separation, as well as to abandon all attitude that might

*Lic. Esther Alicia Oliveros Bustamante*
*Registered Translator*
*CTP 0106*

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3785-08

------------------------------------------------

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND
FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

damage the normal physical and emotional development of their minor

daughter. With court costs and fees.- Give notice. ---------------------------

(SEAL)

JUDICIAL POWER

(SIGNATURE: ILLEGIBLE)

DRA. AURORA QUINTANA GURT CHAMORRO

JUDGE

FOURTH FAMILY CIVIL COURT

SUPREME COURT OF JUSTICE IN LIMA

(SEAL)

JUDICIAL POWER

(SIGNATURE: ILLEGIBLE)

MARIA ISABEL CHIPANA GAMARRA

LEGAL EXPERT

FOURTH FAMILY CIVIL COURT

SUPREME COURT OF JUSTICE IN LIMA

--------------------------------------------------------------------

## TRANSLATION CERTIFICATION

*The undersigned, Esther Alicia Oliveros Bustamante, hereby certifies that she is*
*a Registered Translator, member of the Professional Association of Translators*
*of Peru (CTP), being appropriately registered with number (0106). She also*
*hereby certifies that the attached document is an accurate translation from*
*SPANISH into ENGLISH (7 pages) and that she is competent in both languages*
*to render such translation. For the contents of the attached documents, she*
*assumes no responsibility.*

*In witness whereof, I set my hand and seal in the city of Lima on the 7th, day of*

*January 2008.*

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

## CORTE SUPERIOR DE JUSTICIA DE LIMA
### CUARTO JUZGADO DE FAMILIA DE LIMA

**EXPEDIENTE N°** : 183504-2003-00113-0
**DEMANDANTE** : VITERI PEREZ, CARLOS MEDARDO J.
**DEMANDADO** : PFLUKER LOPEZ, GABRIELA MARÍA
**MATERIA** : RÉGIMEN DE VISITAS
**ESPECIALISTA** : ISABEL CHIPANA GAMARRA

## RESOLUCIÓN N° TREINTISEIS

Lima, treinta y uno de octubre
del dos mil cinco.-

              **VISTOS**; Con el expediente acompañado sobre Separación Convencional que se tiene a la vista; resulta de autos que por escrito de fojas veintisiete a treinta, don Carlos Medardo Jesús Viteri Pérez interpone demanda de régimen de visitas a favor de su menor hija Valeria Carla Viteri Pkluker de dos años de edad al momento de interponer su acción, la misma que la dirige contra doña Gabriela María Pkluker López. Refiere el accionante que producto de sus relaciones extramatrimoniales con la demandada nace su menor hija con fecha veintiocho de agosto del dos mil; que en forma intempestiva y sin mediar argumento alguno la demandada le viene impidiendo que pueda ver a su menor hija, con el pretexto de que no cumple con acudir con la pensión alimenticia, no obstante que ante el Tercer Juzgado de Paz Letrado de Lince se fijó una asignación anticipada ascendente a la suma de mil ochocientos nuevos soles mensuales, la que fuera apelada enrazón de resultar imposible cumplir con dicha obligación. Refiere de otro lado, estar en posibilidades de acudir la pensión alimenticia de trescientos cincuenta nuevos soles mensures a favor de su menor hija, habiendo procedido en efectuar el depósito correspondiente, y que a pesar de ella la demandada le está impidiendo ver a su menor hija. Ampara su demanda en lo establecido en los artículos 236, 287, 422 y 470 del Código Civil así como el artículo 92 y siguientes del Código de los Niños y Adolescentes. Que admitida la demanda mediante resolución número uno de fecha siete de febrero del dos mil tres, se corrió traslado a la demandada, quien absolvió la demanda en los términos que contienen su escrito de contestación de fojas ciento veinte a ciento veintiséis; solicitando se declare infundada la demanda por cuanto el padre de su menor hija adolece de dependencia a las drogas y al alcohol, que le impide un desarrollo normal en la relación con su hija, generando reacciones violentas contra las personas que están en su entorno, atentando con el deber de padre de dar buenos ejemplos a sus hijos. Indicando de otro lado, ser cierto que de sus relaciones extramatrimoniales se llegaron a su

María Isabel Chipana G....
Especialista
4to. Juzgado de Famili....
CORTE SUPERIOR DE JUSTICIA DE ...

menor hija Valeria Carla, habiendo convivido con el demandante en la casa de propiedad de sus padres ubicado en Tarapacá doscientos cincuenta y cinco departamento trescientos uno en Miraflores; dándose cuenta de esa convivencia de la enfermedad de dependencia de drogas y alcohol que experimentaba el accionante, dado a las reacciones violentas y amenazas hacia su persona y menor hija, cuando se oponía a que consumiera drogas y pedirle a que recibiera algún tipo de ayuda profesional; habiendo sido víctima de maltratos físicos y psicológicos cuando ella laboraba en la empresa de escuela de Hotelería y Turismo en donde el demandante es el titular y Gerente. Refiere además que con fecha quince de agosto del dos mil dos, la situación se volvió insostenible debido a su consumo de alcohol y cocaína, que alteraron su tranquilidad y seguridad, por lo que decidió a no permitir que el demandante continúe viviendo en su hogar, optando éste por despedirla del trabajo con fecha treinta y uno de ese mismo mes y año, y además a desentenderse de sus obligaciones alimentarías para con su menor hija, procediendo a demandarlo judicialmente por alimentos por ante el Tercer Juzgado de Paz letrado de Lince y San Isidro, y que ante ello el ahora demandante consigna el monto de trescientos cincuenta nuevos soles mensuales con fecha cinco de febrero del dos mil tres, luego de ser emplazado y que el referido juzgado determinara una asignación anticipada de mil ochocientos nuevos soles. Que el demandante se ha desatendido por completo de sus obligaciones alimentarias, sin haberse preocupado en absoluto de su salud y desarrollo de su menor hija, negándose incluso cuando ésta se encontraba enferma en agosto del dos mil dos. Señalando finalmente, que el demandante tiene también obligaciones para con sus otros dos hijos Franco y Bruno habidos de su matrimonio, como así se demuestra del proceso sobre Separación Convencional que se encuentra en ejecución, con el que se acredita a que no obstante de haber sido requerido para el pago de las pensiones devengadas ha consignado un ínfimo monto; y que el presente proceso de régimen de visitas, ha sido interpuesto por reacción ante la demanda de alimentos que ella le planteara. Que citadas las partes a la audiencia única, la misma se realiza conforme a los términos contenidos en el acta de fojas ciento cincuenta y tres a ciento cincuenta y cinco, continuada en fojas ciento noventa y siete a ciento noventa y nueve; así como en fojas trescientos diecinueve a trescientos veintiuno; que al haberse realizado las pruebas admitidas, y recibido el dictamen fiscal, es llegado el momento de expedir sentencia; y, CONSIDERANDO:------------
**Primero.-** Que, los medios probatorios tienen por finalidad acreditar los hechos expuestos por las partes, producir certeza en el Juez respecto de los puntos controvertidos y fundamentar sus decisiones; correspondiendo la carga de la prueba a quien afirma hechos que configuran su pretensión o a quien los contradice alegando hechos nuevos, salvo disposición legal diferente, de conformidad con los artículos 188 y 196 del Código Procesal

María Isabel Chipana Gamarra
Especialista Legal
4to. Juzgado de Familia
CORTE SUPERIOR DE JUSTICIA DE

Civil, norma que se aplica en forma supletoria conforme lo dispone el artículo 182 del Nuevo Código de los Niños y Adolescentes.------------------

**Segundo.-** Que se advierte del escrito de demanda de fojas veintisiete a treinta, que don Carlos Medardo Jesús Viteri Pérez, solicita se le establezca un régimen de visitas que le permita retirar a su menor hija Valeria Carla del domicilio de la demandada los días sábados de ocho y treinta de la mañana para retornarla el día domingo a las seis de la tarde; así como también cualquier día de la semana en el horario de siete a nueve de la noche al interior del domicilio de la demandada.-------------------------

**Tercero.-** Que por su parte la demanda al absolver los términos de la demanda, señala no estar de acuerdo con lo solicitado por el demandante al indicar que el mismo adolece de dependencia a las drogas y alcohol, lo cual le provoca trastornos en su conducta; sosteniendo además que el demandante viene consignando una cantidad por concepto de alimentos que no es la determinada por el Juzgado de Paz Letrado en donde se viene tramitando un proceso de alimentos.---------------------------------------------

**Cuarto.-** Que siendo el presente proceso uno de régimen de visitas, lo más recomendable hubiese sido que sean los mismos padres quienes determinen de común acuerdo el régimen de visitas a favor de su menor hija; sin embargo al no haberlo hecho en el acto procesal respectivo, por la renuencia de la parte demandada; corresponde en esta oportunidad pronunciarse al respecto, teniéndose en consideración lo normado por el artículo 88 del Código de los Niños y Adolescentes, al acreditarse de los documentos presentados por el accionante al momento de interponer su demanda, que éste se encontraba cumpliendo con sus obligaciones alimentarias.--------------------------------------------------------------------

**Cuarto.-** Que de las pruebas actuadas en el presente proceso, se llega a establecer que el demandante se encuentran en condiciones apropiadas de ejercer su derecho a visitar a su menor hija Valeria Carla Viteri Pkluker, de cinco años y dos meses de edad en la actualidad, como así se desprende de su partida de nacimiento de fojas cuatro; por cuanto de la pericia psicológica que se le practicara por el Equipo Multidisciplinario del Área de Psicología de los Juzgados de Familia obrante en fojas trescientos cincuenta y uno a trescientos cincuenta y dos, se infiere que éste no presenta características psicológicas ni psicopatológicas que le impida mantener contacto y comunicación con su menor hija; tal como así también quedo demostrado de la pericia psiquiátrica que le fuera practicada por el Instituto de Medicina Legal obrante en fojas trescientos cincuenta y seis a trescientos cincuenta y ocho.----------------------------------------------------

**Quinto.-** Que en cuanto al informe social practicado en el domicilio del demandante por la Asistenta Social del Módulo Corporativo de Familia, obrantes en fojas trescientos treinta y siete a trescientos treinta y nueve, se desprende que el accionante domicilia conjuntamente con su conviviente;

siendo una vivienda debidamente implementada y adecuada para que la niña en su caso pueda permanecer.----------------------------------------------

**Sexto.-** Que asimismo, al momento de establecerse el régimen de visitas solicitado, se deberá tener en consideración lo señalado por el artículo 422 del Código Civil, que cautela el derecho de los padres a mantener con sus hijos que no estén bajo su patria potestad, las relaciones personales indicadas por las circunstancias; situación que conllevará a determinarse un régimen de visitas atendiendo a la edad con que cuenta en la actualidad la menor Valeria Carla, el mismo que redundará en su propio beneficio, por ser además un derecho que tiene todo hijo que fuera reconocido como tal; más aún, si como se advierte de la evaluación psicológica que también se le practicara a la antes referida menor obrante en fojas doscientos noventa y siete a doscientos noventa y ocho, se pudo determinar que ésta por su corta edad al momento de haber sido examinada, no se le encontró ningún trauma emocional a consecuencia de la separación de sus padres, ni que haya sido objeto de maltrato de parte de éstos; encontrándosela además, ligada emocionalmente a ambas figuras parentales con la misma intensidad.-----------------------------------------------------------------

**Sétimo.-** Que las demás pruebas actuadas y no glosadas, en nada enervan los considerandos precedentes; resultando por tanto amparable la presente demanda; tanto más, si de lo actuado y conforme se evidencia de las pericias toxicológicas de fojas trescientos cuarenta y dos y trescientos cuarenta y siete, que le fueran practicadas al demandante, queda desvirtuado los hechos en que se sustenta la demandada para negar el régimen de visitas a favor de su menor hija.--------------------------------------
Fundamentos por los cuales; de conformidad en parte con lo dictaminado por el señor representante del Ministerio Público en fojas cuatrocientos sesenta y tres a cuatrocientos sesenta y seis; y a lo establecido por el artículo IX del Título Preliminar del Código de los Niños y Adolescentes y lo normado por el artículo 88 del antes acotado, administrando justicia a nombre de la Nación, el Cuarto Juzgado de Familia de Lima, **FALLA:** Declarando **FUNDADA en parte** la demanda de fojas veintisiete a treinta interpuesta por don Carlos Medardo Jesús Viteri Pérez contra doña Gabriela María Pfluker López, sobre Régimen de Visitas; en consecuencia, **SE FIJA** como régimen de visitas para que don Carlos Medardo Jesús Viteri Pérez pueda recoger y estar con su menor hija Valeria Carla Víteri Pkluker, todos los días domingos de cada mes en el horario de diez de la mañana a seis de la tarde en que deberá retornarla al hogar materno; así como también todos los días miércoles de cada mes en el horario de cinco y treinta de la tarde a siete y treinta de la noche, al interior del hogar materno; **SE EXHORTA** asimismo a las partes, a que reciban una terapia psicológica a efectos de poder superar los conflictos suscitados por la separación existente, así como que depongan toda actitud que perjudique el

Isabel Chipana Gamarra
Especialista Legal
...do de Familia - Civil
...RIOR DE JUSTICIA DE ...

normal desarrollo físico y emocional de su menor hija. Con costas y costos del proceso.- Notificándose.------------------------------------------------------------

PODER JUDICIAL

Dra. Aurora Quintana Gurt Chamorro
J U E Z
4to. Juzgado de Familia Civil
CORTE SUPERIOR DE JUSTICIA DE LIMA

PODER JUDICIAL

María Isabel Chipana Gamarra
Especialista Legal
4to. Juzgado de Familia - Civil
CORTE SUPERIOR DE JUSTICIA DE LIMA

FILED

FEB 28 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In Re Application Of:

| | |
|---|---|
| CARLOS VITERI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| GABRIELLA MARIA PFLUCKER, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Rosa M. Tumialán
Katharine N. Dunn
Elizabeth A. Graham
Dykema Gossett PLLC
Attorneys for Petitioner
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## DECLARATION ESTABLISHING THE HABITUAL RESIDENCE OF THE CHILD

1.0     The identifying information and residence of the minor child for the last five (5) years is

as follows:

Child's Name:          VALERIA CARLA VITERI PFLUCKER

Place of Birth:         Lima, Peru

Date of Birth:          August 24, 2000

Sex:                    Female

Period of Residence:    The child lived in Peru from August 24, 2000 through
                        September 2005. She is believed to be in Illinois, U.S.A.,
                        since that time

2.0     Have you participated as a party or a witness or in some other capacity in another litigation or custody proceeding concerning a child subject to this proceeding or do you have information about a custody proceeding pending in any court concerning a child subject to this proceeding?

Petitioner secured an order of visitation and support relating to the minor child. The child's mother failed to comply with the visitation order which prompted the Petition to seek relief in the Peruvian court.

3.0    Do you know any person who is not a party to this proceeding who has physical custody or claims to have custody of or visitation rights with any child subject to this proceeding?

No.

**Verification**

I am the attorney for the Petitioner; I make this verification on behalf of the Petitioner because Petitioner is absent from State of Illinois; the above document is true of my own knowledge, except as to the matters that are stated in it on my information and belief and as to those matters I believe it to be true. I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 28, 2008 at 10 South Wacker, Chicago, Illinois 60606

_____
Attorney for Petitioner