# EXHIBIT A



Interpretación - Traducción
INGLÉS - PORTUGUÉS - FRANCÉS

*INGLÉS BÁSICO - INTERMEDIO - AVANZADO*
*ESPAÑOL PARA EXTRANJEROS*

# Esther Alicia Oliveros B.

### Registered Translator
### Registry CTP N° 0106



The undersigned Registered Translator,

states that the following is the correct

and true translation from Spanish into English

of the enclosed document

**(CERTIFIED TRANSLATION 3786/08)**

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

El Colibrí 149 Santa Anita
Telefax: 362 6072 - Cel.: 9909-6787
estheraliciaob@yahoo.com
www.estheroliveros.com

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION

N°3786-08

---

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

## SPECIALIZED FAMILY COURT
## C.S.J.L. (SUPERIOR COURT OF JUSTICE IN LIMA)

| | | |
|---|---|---|
| **FILE N°** | : | **114-2006** |
| **MATTER** | : | **VISITING SCHEDULE** |
| **RES. N°** | : | |

Lima, April six, two thousand six

**WHEREAS**; with the participation of the issuing member of the court CABELLO MATAMALA, with the accompanying notebooks that she has at her sight, in agreement partially with the grounds put forward by the appellant; in agreement partially with what was ruled by the Superior District Attorney registered on pages five hundred forty-seven to five hundred forty-eight: and WHEREAS, furthermore: ----------------------------

FIRST: That, the sentence is received under appeal which is registered on pages from four hundred forty-eight to four hundred ninety-two, dated October thirty-first year two thousand five by means of which it is stated that the claim is well founded partially of the claim and the scheduling of visits is determined for the plaintiff who could pick up and be with his daughter every Wednesday of every month from five o'clock in the afternoon until seven-thirty at night, plus court costs and fees of the process.---------------------------------------------------------------------------

SECOND: That the appellant sustains a challenge appeal pointing out that the father of her daughter does not comply with its alimony obligations in a punctual way and has offered evidence that supports those facts, besides that the father tried to denied his parenthood to the child in the claim for alimony filed before the Third Magistrate's Office of Lince and San Isidro

*Lic. Esther Alicia Oliveros Bustamante*
*Registered Translator*
*CTP 0106*

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3786-08

---

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

---

"that the plaintiff is married to Jose Raul Mayorca Palomino, consequently the minor presumes that has this person as father". --------------------------

THIRD: That, the article eighty eight of the Code of the Child and Adolescent sets forth that the parents that do not exercise legal custody have the right to visit their children, for which they have to accredit the compliance or the impossibility to comply with the alimony; likewise, the Convention on the Rights of the Child in its eighth article, subsection first refers that the State Members commit themselves to respect the right of the child to preserve its identity including nationality, name and family relations, as the article Nine subsection third of that International Norm rules that the State Members will respect the right of the child that is separated from one or both parents to keep personal relations and direct contact with both parents in a regular way, except if that infringes a higher interest.----------------------------------------------------------------------

FOURTH: That, taking into consideration the preceding facts it should be considered that in the interpersonal relations between parents and children the rights of the child or adolescent should be weighted regarding even the rights of the parents themselves, sparing the child from the conflicts that could arise from the couple, therefore the right to keep a constant communication with the mother and as well with the father with whom the child does not live with, should be safeguard, except when it is accredited that it is harmful, due to bad example, mistreatment and others , to the emotional stability and even physical of the child and/or adolescent, which in this case, as it has been reported by the psychological test recorded on pages two hundred ninety-eight, *the girl is emotionally bonded to the image of both parents and with the same intensity,* so if the contact with the father is limited could be counterproductive for the child's psycho emotional development. ----------------------------------------------------------------------

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3786-08

---

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

---

FIFTH: That, in addition it should be considered the psychological evaluation registered on pages from three hundred and fifty-one to three hundred and fifty-two, psychiatric evaluation registered on pages from three hundred fifty-six to three hundred fifty-eight and the social report on the father's house registered on pages from three hundred and thirty-seven to three hundred thirty-nine, that the plaintiff does not have any type of anomaly in his personality that could mean an outrage against the interests of his minor daughter, and on the contrary the experts' reports point out that he has the conditions to keep in touch with his daughter, and he also has the necessary furniture for the time that his daughter visits his domicile.--------

SIXTH: That, in compliance with the article four hundred twelve of the Civil Procedure Code, the reimbursement of court costs and fees of the process does no require to be requested and is on the account of the party that was defeated except expressed judicial statement and due to exoneration; in this case where family matters have been heard and where each party has had the need to answer to the matter regarding their positions, it results that the exoneration of the payments of court costs and fees of the process is applied for good reason. ----------------------------------------------------------

SEVENTH: That, taking into consideration the precept cited in the fourth clause, a principle incorporated in the article IX of the Preliminary Title of the law 27337, and the Superior Interest of the Child, assumes the validity and satisfaction of all of its rights which is the integral and simultaneous protection of its development reasons why the sentence registered on pages from four hundred eighty-eight to four hundred ninety-two dated October thirty-first year two thousand five IS CONFIRMED, on the aspect that it declares well grounded partially the claim registered on pages from twenty-seven to thirty filed by CARLOS MEDARDO JESUS VITERI PEREZ against GABRIELA MARIA PFLUCKER LOPEZ on scheduling of visits and it has been

*Lic. Esther Alicia Oliveros Bustamante*
*Registered Translator*
*CTP 0106*

Esther Alicia Oliveros
Registered translator
Registry CTP N° 0106

CERTIFIED TRANSLATION
N° 3786-08



---

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

---

determined as scheduling of visits for CARLOS MEDARDO JESUS VITERI PEREZ to pick up and be with his minor daughter VALERIA CARLA VITERI PFLUCKER every Sunday of every month from ten o'clock in the morning until six o'clock in the afternoon, time at which she must be returned to her mother's home; as well as every Wednesday of every month from five thirty in the afternoon to seven thirty at night in the house of the mother, REVOKES the same regarding the payment of court costs and fees of the process, REFORMING IT, determining that the payment of court costs and fees of the process with the other contents has no merit, which is notified and returned.----------------------------------------------

(SIGNATURE: ILLEGIBLE)

CAPUÑAY CHAVEZ


(SIGNATURE: ILLEGIBLE)

CABELLO MATAMALA


(SIGNATURE: ILLEGIBLE)

BELTRAN PACHECO


(SIGNATURE: ILLEGIBLE)

NELIDA ESCOBAR TERON

SECRETARY

SUPERIOR FAMILY COURT IN LIMA

**Esther Alicia Oliveros**
Registered translator
Registry CTP N° 0106



CERTIFIED TRANSLATION
N° 3786-08

---

(SEAL OVERLEAF)
IT IS HEREBY CERTIFIED THAT THIS IS A TRUE COPY OF THE ORIGINAL WHICH I HAD IN SIGHT AND HAS BEEN COMPARED TO ITS ORIGINAL AND FOUND EXACT PREVIOUS CONFRONTATION BY LAW
LIMA, OCTOBER 30, 2007
(SEAL)
FOURTH FAMILY COURT – CIVIL
LIMA
JUDICIAL POWER
(SIGNATURE: ILLEGIBLE)
TANIA ELENA PAZ PALOMINO
LEGAL SPECIALIST
SUPERIOR COURT OF JUSTICE IN LIMA

---

(SEAL)

SUPERIOR COURT OF JUSTICE IN LIMA

FAMILY COURT

RESOLUTION N° 495-S

DATE: APRIL 27, 2006

---

### TRANSLATION CERTIFICATION

The undersigned, Esther Alicia Oliveros Bustamante, hereby certifies that she is a Registered Translator, member of the Professional Association of Translators of Peru (CTP), being appropriately registered with number (0106). She also hereby certifies that the attached document is an accurate translation from SPANISH into ENGLISH (5 pages) and that she is competent in both languages to render such translation. For the contents of the attached documents, she assumes no responsibility.

In witness whereof, I set my hand and seal in the city of Lima on the 7th, day of January 2008.

Lic. Esther Alicia Oliveros Bustamante
Registered Translator
CTP 0106

SALA ESPECIALIZADA
DE FAMILIA
C. S. J. L.

EXP. No.    : 114 – 2006.
MAT.       : REGIMEN DE VISITAS.
RES. No.   :

Lima, seis de abril

del año dos mil seis.-

**VISTOS;** interviniendo como Vocal ponente la señora Cabello Matamala; con los cuadernos acompañados que se tiene a la vista, de conformidad en parte con los fundamentos de la recurrida; de conformidad en parte con lo dictaminado por el señor Fiscal Superior en su dictamen obrante de fojas quinientos cuarentisiete a quinientos cuarentiocho; y **CONSIDERANDO** además:- **PRIMERO**: Que, viene en apelación la sentencia que obra de fojas cuatrocientos ochentiocho a cuatrocientos noventidós, su fecha treintiuno de octubre del año dos mil cinco, mediante la cual se declara fundada en parte la demanda y se fija como régimen de visitas al demandante el que pueda recoger y estar con su hija los días domingo de cada mes en el horario de diez de la mañana a seis de la tarde, así como también los días miércoles de cada mes en el horario de cinco de la tarde a siete y treinta de la noche, más costas y costos del proceso.----------------------------
**SEGUNDO:** Que, la apelante sustenta su recurso impugnatorio, indicando que el padre de su hija no cumple con los alimentos en forma puntual y que ha presentado medios probatorios que así lo acreditan, además de que trató de negar la paternidad de la menor al referir en el proceso de alimentos que se le siguió ante el Tercer Juzgado de Paz Letrado de Lince y San Isidro "que la demandante tiene la condición de casada con el señor José Raúl Mayorca Palomino, consecuentemente la menor debe presumirse que tiene como padre a dicha persona".--------------------
**TERCERO:** Que, el artículo ochentiocho del Código del Niño y el Adolescente establece que los padres que no ejerzan la patria potestad tienen derecho de visitar a sus hijos, para lo cual deberán acreditar el cumplimiento o la imposibilidad de cumplimiento de la obligación alimentaria; asimismo, la Convención sobre los Derechos del Niño en el artículo octavo inciso primero refiere que los Estados Partes se comprometen a respetar el derecho del niño a preservar su identidad incluidos la nacionalidad, el nombre y las relaciones familiares, así el artículo Noveno inciso tercero de dicha norma internacional rescata que los Estados Partes respetarán el derecho del niño que esté separado de uno o ambos padres a mantener relaciones personales y contacto directo con ambos padres de modo regular, salvo si ello es contrario a su interés superior.----------------------------------
**CUARTO:** Que, por lo expuesto precedentemente, debe considerarse que en las relaciones interpersonales entre padres e hijos debe ponderarse los derechos del niño u adolescente respecto incluso a los derechos de los propios padres, sustrayendo al hijo de los conflictos de pareja que se puedan suscitar, por cuanto el derecho de mantener una comunicación constante tanto con el padre como con la madre, con el cual no viven, debe salvaguardarse, excepto que se acredite que resulta perjudicial, por efecto de los malos ejemplos, maltratos y otros, a la estabilidad emocional e incluso física del niño y/o adolescente, que en el caso de autos, como lo reporta el examen psicológico de fojas doscientos noventiocho, ... *la niña está ligada emocionalmente a ambas figuras parentales con la misma*

27 ABR 2006

SALA ESPECIALIZADA
DE FAMILIA
C. S. J. L.

**intensidad**, por lo que limitar el contacto paterno sería contraproducente a su desarrollo psico emocional.------------------------------------------------------------

**QUINTO**: Que, a mayor abundamiento debe tenerse en cuenta la evaluación psicológica de fojas trescientos cincuentiuno a trescientos cincuentidós, evaluación siquiátrica de fojas trescientos cincuentiséis a trescientos cincuentiocho y informe social del domicilio paterno de fojas trescientos treintisiete a trescientos treintinueve, que el demandante no presenta ningún tipo de anomalía en su personalidad que pueda significar un atentado en contra de los intereses de su menor hija, por el contrario los informes periciales indican que reúne las condiciones posibles para mantener contacto con la misma, además cuenta con el mobiliario adecuado cuando su menor hija lo visita en su domicilio.--------------

**SEXTO**: Que conforme al articulo cuatrocientos doce del Código Procesal civil, el reembolso de las costas y costos del proceso, no requiere ser demandado y es de cargo de la parte vencida salvo declaración judicial expresa y motivada de exoneración; en el caso de autos donde se ha ventilado asuntos de familia y en donde cada una de las partes se ha visto en la necesidad de absolver respecto a sus posiciones, resulta atendible la exoneración del pago de costas y costos del proceso.------------------------------------------------------------

**SETIMO**: Que, teniendo en cuenta el precepto citado en el cuarto considerando, principio incorporado en el artículo IX del Título Preliminar de la ley 27337, e Interés Superior del Niño, supone la vigencia y satisfacción de todos sus derechos alude a la protección integral y simultánea de su desarrollo, razones por las cuales **CONFIRMARON** la sentencia de fojas cuatrocientos ochentiocho a cuatrocientos noventidós su fecha treintiuno de octubre del año del dos mil cinco en el extremo que declara fundada en parte la demanda de fojas veintisiete a treinta interpuesta por don Carlos Medardo Jesús Viteri Pérez contra doña Gabriela María Pflucker López sobre régimen de visitas y se fija como régimen de visitas para que don Carlos Medardo Jesús Viteri Pérez pueda recoger y estar con su menor hija Valeria Carla Viteri Pflucker todos los días domingos de cada mes en el horario de diez de la mañana a seis de la tarde en que deberá retornarla al hogar materno así como también todos los días miércoles de cada mes en el horario de cinco y treinta de la tarde a siete y treinta de la noche al interior del hogar materno, **REVOCA** la misma en cuanto determinan el pago de costas y costos del proceso **REFORMÁNDOLA** se determinan no ha lugar al pago de las costas y costos del proceso; con lo demás que contiene, notificándose y los devolvieron.-

CAPUÑAY CHAVEZ            CABELLO MATAMALA

BELTRAN PACHECO

Nélida Escobar
SECRETARIA
Sala de Familia de la Corte Superior de Lima

114 – 2006
CJCM/zgh.

CORTE SUPERIOR DE JUSTICIA DE LIMA
SALA DE FAMILIA

Resolución N° 495-S
Fecha: 27 ABR 2006