# EXHIBIT H

# THIRD BOOK

# FAMILY INSTITUTION

## TITLE I

### FAMILY AND ADULTS IN CHARGE OF
### CHILDREN AND ADOLESCENTS

#### CHAPTER I
#### PARENTAL AUTHORITY

**Article 74.** *PARENTAL RIGHTS AND DUTIES.*

Any parent granted the parental authority is entitled to the following rights and duties:

a) Look after their children's comprehensive development;
b) Provide them with support and education;
c) Conduct their children's educational process and labor training according to their vocation and abilities;
d) Give them good examples and correct them moderately. In case their action is insufficient, parents may appeal to the proper authority:
e) Keep the children with them and appeal to the proper authority in order to recover them.
f) Represent their children in any act of civil life as long as they do not acquire exercise capacity and civil liability;
g) Receive assistance from them taking into account their age and condition and without detriment to their care;
h) Manage and usufruct their assets, if applicable; and
i) In case of products, Article 1004 of the Civil Code shall be observed.

CONCORDANCES:
C. art. 6; C.C. arts. 418, 423, 424.
C.N.A. art. 8.

COMMENTS:

*Parental authority means the right and duty of any parent to look after their minor children's person and assets. It is a very old institution which has changed over the years. In Rome, for example, the pater familia was the owner of their children as well as their slaves. Later, the right's scope started decreasing.*
*This article amends Article 423, subsections 3 and 4 of the Civil Code.*

**Article 75.** *SUSPENSION OF PARENTAL AUTHORITY. Parental Authority shall be* suspended under the following circumstances:

a) Mother's or father's interdiction due to causes of civil nature;
b) When the father or mother is declared legally absent;
c) Parents giving orders, advices or examples which may corrupt them;
d) Parents allowing laziness or forcing them to begging;
e) Physical and mental mistreatment;
f) Parents denying to provide them with food:
g) Parents' separation or divorce, or marriage nullity pursuant to Articles 282 and 340 of the Civil Code.

CONCORDANCES:

C. art. 49, 418, 463, 470.

**COMMENTS:**

*In connection with article 466 of the Civil Code regulating the suspension of parental authority, this article amends it by adding other grounds c), d), e), f) and g).*

**Article 76. PARENTAL AUTHORITY VALIDITY.** In cases of conventional separation and subsequent divorce, neither father or mother is suspended its parental authority.

**CONCORDANCES:**
C. art. 6.

**COMMENTS:**

*This is a new regulation, which states that in case of conventional separation and subsequent divorce, neither father or mother is suspended its parental authority, that is, the judge shall only decide the custody of the children, granting the other parent the right of visitation.*

**Article 77. PARENTAL AUTHORITY EXPIRY OR LOSS.** Parental Authority is expired or lost under the following circumstances:

a) Parent's or child's death;
b) Adolescent reaching the age of majority;
c) Judicial declaration of abandonment;
d) When a parent is sentenced for willful offence against their children;
e) Repeated violations of the aforementioned grounds c), d), e) and f) of Article 75; and,
f) When the child's disability is interrupted, pursuant to Article 46 of the Civil Code.*

**CONCORDANCES:**
C.C. Articles 422, 462, 470; C.N.A. Article 242 subsection b)

**COMMENTS:**

*Parental Authority expiry, which is set forth in this article, amends article 461 of the Civil Code by including three grounds: judicial declaration of abandonment; repeated violations by either parent regarding grounds (c, d, e and f) of parental authority suspension); and when either parent is sentenced for willful offence against their children.*

*Article 462 of Civil Code is implicitly abolished.*
*Articles 470 and 471 of Substantive Code are amended.*

**Article 78. RESTITUTION OF PARENTAL AUTHORITY**

The parent, who has been suspended his parental authority, may request its restitution when the ground causing this suspension has been interrupted.

The specialized judge shall evaluate if such parental authority restitution is advisable regarding the Best Interest of the Child and Adolescent.

**BACKGROUND**
Supreme Decree No. 004-99-JUS: Article 81.

**CONCORDANCES:**
C.C. Article 340, 471; C.N.A. Article 160.

COMMENTS:

*Restitution of parental authority may be requested when three years have elapsed since the fulfillment of the proper sentence pursuant to article 471 of the Civil Code.*

**Article 79. PETITION FOR PARENTAL AUTHORITY SUSPENSION OR LOSS.** Parents, relatives, siblings, person in charge, or any individual having a real interest may file petition for suspension or loss of parental authority.

CONCORDANCES:
C.C. Article 6; C.N.A. Article 80.

(*) Article amended pursuant to Law No. 27473 published on 06/06/2001

COMMENTS:

*Besides parents, relatives, siblings, person in charge or any individual having real interest are also entitle to file petition for the suspension or lost of parental authority.*

**Article 80. JUDGE CAPACITY.** The specialized judge may give the child or adolescent to any member of the family or unrelated person who meet the requirements of suitability, at any stage of the process, if needed, giving previous notice to the Attorney General's Office.
        The Judge shall order the alimony to be provided by the binding party.
        If the child or adolescent has assets, the Judge shall observe the regulations contained in the Civil Code.

BACKGROUND
Supreme Decree No. 004-99-JUS: Article 84.

CONCORDANCES:
C.C. Article 426.

COMMENTS:

*Pursuant to article 426 of the Civil Code, parents may be bound to issue guarantee to assure the responsibility of their management, upon request of the Judge prior written notice to the Family Council. The guarantee must cover the expenses for personal property; income arising from such personal property during a year; profits generated by any company owned by the minor child during a year. When the parents do not have usufruct of the assets managed, the last two abovementioned guarantees do not apply.*

## CHAPTER II

### CUSTODY OF THE CHILD OR ADOLESCENT

**Article 81. CUSTODY.** In case the parents are separated de facto, the Custody of the children or adolescents is determined by mutual agreement between both parents, taking into consideration the child's and adolescent's opinion. Whether there is not an agreement or if such agreement is detrimental to the minor children, the custody shall be resolved by the specialized judge, ordering the measures required to comply with such order.

BACKGROUND
Supreme Decree No. 004-99-JUS: Article 85.

CONCORDANCES:
C.C. Article 340; C.N.A. Article 160.

**COMMENTS:**

    *Custody is the responsibility assumed by either parent in order to look after his/her child's comprehensive development, in case such parents are separated de facto.*
    *Parents shall reach an agreement taking into consideration the minor child's opinion, otherwise the judge shall decide about this issue.*

**Article 82. CUSTODY MODIFICATION.** In case of Custody modification, the Judge shall order, upon prior consultation to the multidisciplinary team, when such modification shall be made gradually without causing damage or inconvenience.

    Only when the child's integrity is at risk, the Judge shall, by grounded decision, order to fulfill the sentence immediately.

**BACKGROUND**
Supreme Decree No. 004-99-JUS: Article 86.

**CONCORDANCES:**
C.C. Articles 340, 422.

**COMMENTS:**

    *Even after a child's custody decision, it is possible to modify the same by order of the Judge, if needed. Such modification shall be made gradually without causing the minor child any damage. A multidisciplinary team shall legally assist the Judge in making his/her decision.*

**Article 83. PETITION.** The father or mother having his/her child being robbed by his/her spouse or partner, or such spouse intend to be recognized by the Parental Authority or Custody, shall file a petition duly evidenced by his/her ID, birth certificate and any other proper evidence.

**CONCORDANCES:**
C.C. Articles 418, 421; C.N.A. Article 150; C.P. Article 147.

**COMMENTS:**

    *This article has been significantly amended, since it eliminates the right of any person having real interest in requesting the custody of a minor child.*
    *This right is exclusively entitled to the father or mother whose child has been robbed, or such father or mother who intends to have the custody of his/her child.*
    *Any person other than parents having a real interest in the minor child shall have the institution of family placement or guardianship.*

**Article 84. JUDGE CAPACITY.** In case there is no agreement about Custody, the Judge shall decide taking the following into consideration:

    a) The child shall stay with the parent with whom he/she has lived the most time of his/her life, as long as it is in the best interest of the minor child;
    b) When a child is younger than three years old, he/she shall stay with the mother; and
    c) The parent not granted Custody of the child shall be entitled to visitation rights.

**BACKGROUND**
Supreme Decree No. 004-99-JUS: Article 88.

**CONCORDANCES:**
C.C. Articles 340, 421.

**COMMENTS:**

 *The agreement of parents is vital. This agreement must be the most harmonious solution for the family. However, this is difficult to achieve due to the circumstances surrounding separations. In such case, the Judge shall decide pursuant to this article. Therefore, the child shall stay with the parent with whom he/she has lived the most time of his/her life, providing that such custody is in favor of his/her education and/or psychosocial development. This Code set forth the criteria of giving the child to the mother when he/she is younger than three years old (previous regulation stated two years old), amending Article 340 of the Civil Code which read as follows "if both spouses are find guilty, the boys older than 7 years old shall stay with the father and the minor girls as well as the boys younger than 7 years old shall stay with the mother, unless otherwise provided by the Judge".*

 *The regulation ordering the Judge to fix Visitation rights for the father who has not been granted with custody appears to be beneficial, since it prevents from filing a new petition to the court in order to fix such visitation.*

**Article 85. OPINION.** The specialized judge shall hear the child's opinion and take into account the adolescent's opinion

BACKGROUND
Supreme Decree No. 004-99-JUS: Article 89.

CONCORDANCES:
C. Article 2, subsection 4); C.N.A. Article 11.

**COMMENTS:**

 *The Code of the child and adolescent includes the child's right of opinion as set forth in the Convention on the Rights of the Child. Therefore, the Judge must hear the minor child's opinion in all the issues concerning the child. The law has established a difference between hearing the child's opinion and taking into account the adolescent's opinion. That is, the judge hears the 12 years old minor child, but he/she can make a decision regarding the child's best interest. Meanwhile, the adolescent's opinion is considered to be very important, since the adolescent's age and maturity may reflect a real opinion.*

**Article 86. RESOLUTION AMENDMENTS.** The resolution about Custody may be amended by duly proved circumstances. The petition must be filed as a new action.

 This action may be filed when six months have elapsed after the original resolution, provided that the child or adolescent is not at risk.

BACKGROUND
Supreme Decree No. 004-99-JUS: Article 90.

CONCORDANCES:
C. Article 20; C.C. Articles 410, 421; C.P.C. Articles 406, 407.

**COMMENTS:**

 *Approved resolutions regarding the custody of minor children may be legally amended when 6 months have elapsed after the original resolution. There is an exception to this regulation when the child or adolescent is at risk, this situation may lead the judge to act before the aforementioned period.*

**Article 87. TEMPORARY CUSTODY.** Temporary Custody may be requested in case the child is younger than three years old and when he/she is at risk. In such case, the Judge shall make a decision within twenty-four hours.

 In other cases, the Judge shall decide having into consideration the Multidisciplinary Team's report, following attorney's report.

This action only proceeds upon request of the father or mother not granted the custody of the child.

Temporary Custody is not applicable as precautionary measure out of court.

CONCORDANCES:
C. Article 150 subsection 6); C.C. Articles 419, 422, 460, 470;

COMMENTS:
*Temporary Custody, as set forth in this regulation, refers to assuming the following: when the child is younger than 3 years old and his/her life is at risk, then the judge shall decide within twenty-four hours. Immediate action is taken to avoid an inherent damage. In other cases, the judge will decide once the Multidisciplinary Team's report is submitted, following attorney's report.*

*Filing this petition is not applicable as precautionary measure out of court.*

## CHAPTER III
## VISITATION SCHEDULE

**Article 88.- *VISITATION*.-** Parents who are not responsible for legal custody have the right to visit their children. In order to do so, they must certify with sufficient proof the compliance, or impossibility to comply, with providing alimony. If one of the parents is deceased, cannot be found at his/her domicile, or his whereabouts are unknown, relatives of such parent, up to the fourth degree of consanguinity, may request Visitation Rights.

The Judge, observing to the greatest extent possible the agreement between the parents, shall decide on a Visitation Schedule pursuant to the Principle of Best Child and Adolescent Interest, and may modify it in accordance with the circumstances, safeguarding the children's wellbeing.

CONCORDANCES:
C.C. Articles 287, 423, 470.

COMMENTS:
*The visitation schedule grants the father or mother not living with the child the right to visit the latter. To this effect, visit days and times are agreed by the parties, constituting a right of the minor and the parents.*

*Peruvian law has set forth the requirement of complying with the alimony, due to the large number of children forsaken by their parents. An amendment made to this regulation establishes that the parent may certificate his/her impossibility to comply with this obligation.*

*In the case of a deceased parent or of a parent whose whereabouts are unknown, or whose domicile is different from the child's or adolescent's, relatives up to the fourth degree of consanguinity may request visitation rights (and not only relatives in the ascending line.)*

*The child's best interest is the criterion that may take priority upon the judge's decision, observing to the greatest extent possible the parent's criterion. The judge's decision may be changed according to the circumstances.*

**Article 89.- *VISITATION SCHEDULE*.-** The father or mother who is prevented or restricted from exercising the right to visit his/her child may file the corresponding complaint, enclosing the child's birth certificate as proof of their relationship.
If necessary, the parent may request a provisional schedule.

BACKGROUND:
Supreme Decree No. 004-99-JUS: Article 94.

CONCORDANCES:
C.C. Articles 422, 470, 516; C.N.A. Articles 161, 172

**COMMENTS:**
*This right to visit the child cannot be limited or suspended upon the other parent's sole whim. The affected party may file a complaint, enclosing the child's birth certificate.*

**Article 90.- *VISITATION SCHEDULE EXTENSION.-*** The Visitation Schedule set forth by the Judge may be extended to include relatives up to the fourth degree of consanguinity and second degree of affinity, as well as third non-relative parties, when the Best Child or Adolescent Interest so justifies.

**BACKGROUND:**
Supreme Decree No. 004-99-JUS: Article 93.

**CONCORDANCES:**
C.C. Articles 236, 237, 506, 508.

**COMMENTS:**
*The visitation schedule includes relatives up to the fourth degree of consanguinity and second degree of affinity, that is, grandparents, great-grandparents, great-great-grandparents, siblings, uncles, nephews, uncles in law, siblings in law, stepparents, etc. Furthermore, the Code considers that third non-relative parties may access this visitation schedule when the child's or adolescent's best interest so justifies (i.e.: a godparent, nanny, etc.)*

**Article 91.- *NON COMPLIANCE WITH VISITATION SCHEDULE.-*** Non compliance with the Visitation Schedule decided by the tribunal shall generate legal obligations and, in case of resistance, it may result in the Custody transfer. Transfer request shall be submitted as a new lawsuit before the Judge that chaired the first procedure.

**BACKGROUND:**
Supreme Decree No. 004-99-JUS: Article 95.

**CONCORDANCES:**
C.C. Articles 418, 421, 422; C.N.A. Article 194, 205

**COMMENTS:**
*Non compliance or obstruction of the right to visit a child shall generate a series of liabilities, the most serious being custody transfer.*

## CHAPTER IV
## ALIMONY

**Article 92.- *DEFINITION.-*** Alimony includes any item necessary for the child's or adolescent's support, housing, clothes, education, labor training, medical assistance, and entertainment. It also includes the mother's pregnancy expenses from conception to the postpartum period.

**BACKGROUND:**
Supreme Decree No. 004-99-JUS: Article 97.

**CONCORDANCES:**
C.C. Articles 414, 472; C.P. Article 149.

**COMMENTS:**
*This article amends Article 472 of the Civil Code including the child's entertainment to the alimony items, as well as the mother's pregnancy expenses from conception to the postpartum period.*

**Article 93.- *OBLIGATION TO PAY ALIMONY*.-** It is the parents' obligation to pay alimony for their children. If the parents are absent or their whereabouts are unknown, the following relatives must pay alimony, in the order set forth below:

1.- Older siblings;
2.- Grandparents;
3.- Collateral relatives up to the third degree; and,
4.- Other people responsible for the child or adolescent.

BACKGROUND:
Supreme Decree No. 004-99-JUS: Article 98.

CONCORDANCES:
C. Article 6; C.C. Articles 474, 478, 235; C.N.A. Article 104.

COMMENTS:
    *This article sets forth the hierarchical order to determine who is obliged to pay alimony. First on the list are the parents, followed by older siblings, grandparents, collateral relatives up to the third degree (uncles), and finally other people responsible for the child or adolescent.*

**Article 94.- *SURVIVAL OF THE ALIMONY OBLIGATION*.-** The parents' alimony obligation continues notwithstanding the suspension or loss of Legal Custody.

BACKGROUND:
Supreme Decree No. 004-99-JUS: Article 99.

CONCORDANCES:
C.C. Articles 463, 470, 480; C.N.A. Article 83.

COMMENT:
    *The suspension of the legal custody of one of the parents does not exempt him/her of the alimony payment obligation.*

**Article 95.- *CONCILIATION AND APPORTIONMENT*.-** Alimony obligation may be apportioned between the binding parties if, upon the Judge's criteria, they are materially disabled to comply with such obligation individually.
    In this case, the binding parties may agree on the apportionment through a conciliation called by the person responsible, which shall be notified to the Judge for his/her approval.
    The apportionment action may be started by the persons receiving the alimony, if the payment of the alimony contribution is non executable.

BACKGROUND:
Supreme Decree No. 004-99-JUS: Article 100.

CONCORDANCES:
C.C. Articles 477, 481; C.P.C. Articles 570, 571.

COMMENT:
    *This article includes extrajudicial conciliation to solve the alimony payment problem, by which the responsible person may agree on the apportionment with the other responsible parties, and this shall be notified to the Judge for his/her approval.*

**Article 96.- *AUTHORITY*.-** The Lawyer Justice of the Peace has authority to know about the demand on proceedings of alimony settlement, increase, reduction, extinction or apportionment, notwithstanding the contribution amount, the age or proof on the familiar relationship, unless the alimony claim is proposed in addition to other claims.

The Justice of the Peace, upon the Plaintiff request, will also have authority concerning demands where the relationship is certified beyond any doubt.

The Family Court Judge is authorized to know about these proceedings on a second level, for cases chaired by the Lawyer Justice of the Peace. The Lawyer Justice of the Pease is authorized to know about the proceedings chaired by the Justice of the Peace. (*)

(*) Article amended pursuant to Law No. 28439 (12/28/2004).

BACKGROUND:
Supreme Decree No. 004-99-JUS: Articles 119.

CONCORDANCES:
C.C. Articles 531, 535, 568; C.P.C. Articles 192,193.

COMMENTS:
    *The Attorney General's Office participates in the proceedings mentioned in this sub-chapter, only for cases in which no Family Council has been previously constituted, as set forth in article 787 of the Civil Procedures Code.*

## CHAPTER VIII
## AUTHORIZATIONS

**Article 111.- *NOTARIAL AUTHORIZATION*.-** For the children or adolescents to be able to travel outside the country alone or accompanied by one of their parents, it is mandatory that both parents issue an authorization with notary certification.

If one of the parents is deceased, or the child is recognized by only one of them, the consent of the surviving parent or the parent that recognized the child shall suffice, enclosing the notarial certificate of having compared the original corresponding death or birth certificate.

If the child is traveling within the country, the authorization of one of the parents shall suffice.

COMMENTS:
    *The notarial authorization of both parents is necessary for the child to travel abroad, if both parents were granted legal custody. For this purpose, they must seek the services of a Notary and authorize the trip under his/her responsibility. The Notary must authenticate the parents' signatures, following their identification and certification of the family relationship.*
    *A new provision set forth by this law is the fact that if one of the parents is deceased or the child is recognized by only one of them, then the judicial authorization is not necessary, and the notarial certification of the single parent authorization shall suffice (enclosing the death or birth certificate).*
    *For traveling within the country, the notarial authorization of one of the parents shall suffice.*
    *If the minor travels abroad or within the country accompanied by his/her parents, or by one of his/her parents if the other has been suspended legal custody (this must be certified in the corresponding judicial resolution).*

**Article 112.- *JUDICIAL AUTHORIZATION*.-** It is the specialized judge's authority to authorize traveling of children or adolescents within the country when both parents are absent, and abroad when one of them is absent or in disagreement. For this purpose, the person responsible shall present the request's justification documents.

If one of the parents does not agree or objects the child's travel, the incident shall be submitted for evaluation, and the judge shall decide on the subject within two days, after hearing the district attorney's opinion. The objection expressed by one of the parents shall be recorded on the Book of Travel Objections of the Specialized Tribunals, which expires at the end of the year.

CONCORDANCES:
C.C. Articles 235, 287, 419; C.N.A. Article 162.

**COMMENTS:**

*Judicial authorization is essential for traveling abroad when one or both parents are absent, or when one of them does not agree and objects the traveling.*

*These authorization proceedings are followed as a non litigious procedure, as provided in article 162, item d, to the present Code. If one of the parents objects the child's traveling, objection shall be submitted for evaluation, and the judge shall decide on the subject within two days, after hearing the district attorney's opinion. This decision may be challenged before the Family Court.*

*The term for this objection shall be one year.*

## CHAPTER IX
## MARRIAGE OF ADOLESCENTS

**Article 113.- *THE MARRIAGE*.-** The specialized judge authorizes the marriage of adolescents pursuant to the articles set forth in the Civil Code.

BACKGROUND:
Supreme Decree No. 004-99-JUS; Article 122

CONCORDANCES:
C.C. Articles 224, 245, 246, 247.

**COMMENTS:**

*The judge may waive the marriage impediment for minors due to serious reasons, provided the boy is sixteen years old and the girl is fourteen years old. Furthermore, the following shall be taken into consideration:*

*Minors need the parents' express consent. Any disagreement between them shall be considered as consent.*

## CAPÍTULO V

### CONTRAVENCIONES Y SANCIONES

Artículo 69°.- Definición.- Contravenciones son todas aquellas acciones u omisiones que atentan contra el ejercicio de los derechos de los niños y adolescentes señalados en la ley.

Artículo 70°.- Competencia y responsabilidad administrativa.- Es competencia y responsabilidad del PROMUDEH, de la Defensoría del Niño y Adolescente y de los Gobiernos Locales, vigilar el cumplimiento y aplicar las sanciones administrativas de su competencia cuando se encuentren amenazados o vulnerados los derechos de los niños y adolescentes.

Los funcionarios responsables serán pasibles de multas y quedarán obligados al pago de daños y perjuicios por incumplimiento de estas disposiciones, sin perjuicio de las sanciones penales a que haya lugar.

Artículo 71°.- Intervención del Ministerio Público.- El Ministerio Público, a través del Fiscal Especializado y del Fiscal de Prevención del Delito, vigilará el cumplimiento de esta Ley.

Artículo 72°.- Intervención jurisdiccional.- Los Jueces especializados están facultados para aplicar las sanciones judiciales correspondientes, con intervención del representante del Ministerio Público.

Artículo 73°.- Rol de los gobiernos regionales y locales.- Los Gobiernos Regionales y Locales dictarán las normas complementarias que esta Ley requiere, estableciendo disposiciones y sanciones administrativas adecuadas a las peculiaridades y especificidades de los niños y adolescentes de su región o localidad.

### LIBRO TERCERO

### INSTITUCIONES FAMILIARES

### TÍTULO I
### LA FAMILIA Y LOS ADULTOS RESPONSABLES DE LOS NIÑOS Y ADOLESCENTES

### CAPÍTULO I
### PATRIA POTESTAD

Artículo 74°.- Deberes y derechos de los padres.- Son deberes y derechos de los padres que ejercen la Patria Potestad:

a) Velar por su desarrollo integral;
b) Proveer su sostenimiento y educación;
c) Dirigir su proceso educativo y capacitación para el trabajo conforme a su vocación y aptitudes;
d) Darles buenos ejemplos de vida y corregirlos moderadamente. Cuando su acción no bastare podrán recurrir a la autoridad competente;
e) Tenerlos en su compañía y recurrir a la autoridad si fuere necesario para recuperarlos;
f) Representarlos en los actos de la vida civil mientras no adquieran la capacidad de ejercicio y la responsabilidad civil;
g) Recibir ayuda de ellos atendiendo a su edad y condición y sin perjudicar su atención;

h) Administrar y usufructuar sus bienes, cuando los tuvieran; y

i) Tratándose de productos, se estará a lo dispuesto en el artículo 1004º del Código Civil.

Artículo 75º.- Suspensión de la Patria Potestad.- La Patria Potestad se suspende en los siguientes casos:

a) Por la interdicción del padre o de la madre originada en causas de naturaleza civil;

b) Por ausencia judicialmente declarada del padre o de la madre;

c) Por darles órdenes, consejos o ejemplos que los corrompan;

d) Por permitirles la vagancia o dedicarlos a la mendicidad;

e) Por maltratarlos física o mentalmente;

f) Por negarse a prestarles alimentos;

g) Por separación o divorcio de los padres, o por invalidez del matrimonio de conformidad con los artículos 282º y 340º de Código Civil.

Artículo 76º.- Vigencia de la Patria Potestad.- En los casos de separación convencional y divorcio ulterior, ninguno de los padres queda suspendido en el ejercicio de la Patria Potestad.

Artículo 77º.- Extinción o pérdida de la Patria Potestad.- La Patria Potestad se extingue o pierde:

a) Por muerte de los padres o del hijo;

b) Porque el adolescente adquiere la mayoría de edad;

c) Por declaración judicial de abandono;

d) Por haber sido condenado por delito doloso cometido en agravio de sus hijos o en perjuicio de los mismos;

e) Por reincidir en las causales señaladas en los incisos c), d), e) y f) del artículo precedente; y

f) Por cesar la incapacidad de hijo, conforme al artículo 46º del Código Civil.

Artículo 78º.- Restitución de la Patria Potestad.- Los padres a quienes se ha suspendido el ejercicio de la Patria Potestad podrán pedir su restitución cuando cesa la causal que la motiva .

El Juez especializado debe evaluar la conveniencia de la restitución de la Patria Potestad en razón del Principio del Interés Superior del Niño y del Adolescente.

Artículo 79º.- Petición de suspensión o pérdida de la Patria Potestad.- Los padres, ascendientes, hermanos, responsables o cualquier persona que tenga legítimo interés pueden pedir la suspensión o la pérdida de la Patria Potestad.

Artículo 80º.- Facultad del Juez.- El Juez especializado, en cualquier estado de la causa, pondrá al niño o adolescente en poder de algún miembro de la familia o persona distinta que reúna las condiciones de idoneidad, si fuera necesario, con conocimiento del Ministerio Público.

El Juez fijará en la sentencia la pensión de alimentos con que debe acudir el obligado.

Cuando el niño o el adolescente tienen bienes propios, el Juez procederá según las normas contenidas en el Código Civil.

## CAPÍTULO II

### TENENCIA DEL NIÑO Y DEL ADOLESCENTE

Artículo 81º.- Tenencia.- Cuando los padres estén separados de hecho, la Tenencia de los niños y adolescentes se determina de común acuerdo entre ellos y tomando en cuenta el parecer del niño y el

adolescente. De no existir acuerdo o si éste resulta perjudicial para los hijos, la Tenencia la resolverá el juez especializado, dictando las medidas necesarias para su cumplimiento.

Artículo 82º.- Variación de la Tenencia.- Si resulta necesaria la variación de la Tenencia, el Juez ordenará, con la asesoría del equipo multidisciplinario, que ésta se efectúe en forma progresiva de manera que no le produzca daño o transtorno.

Sólo cuando las circunstancias lo ameriten por encontrarse en peligro su integridad, el Juez, por decisión motivada, ordenará que el fallo se cumpla de inmediato.

Artículo 83º.- Petición.- El padre o la madre a quien su cónyuge o conviviente le arrebate a su hijo o desee que se le reconozca el derecho a la Custodia y Tenencia, interpondrá su demanda acompañando el documento que lo identifique, la partida de nacimiento y las pruebas pertinentes.

Artículo 84º.- Facultad del Juez.- En caso de no existir acuerdo sobre la Tenencia, el Juez resolverá teniendo en cuenta lo siguiente:

a) El hijo deberá permanecer con el progenitor con quien convivió mayor tiempo, siempre que le sea favorable;
b) El hijo menor de tres años permanecerá con la madre; y
c) Para el que no obtenga la Tenencia o Custodia del niño o del adolescente, debe señalarse un Régimen de Visitas.

Artículo 85º.- Opinión.- El juez especializado debe escuchar la opinión del niño y tomar en cuenta la del adolescente.

Artículo 86º.- Modificación de resoluciones.- La resolución sobre Tenencia puede ser modificada por circunstancias debidamente comprobadas. La solicitud deberá tramitarse como una nueva acción.

Esta acción podrá interponerse cuando hayan transcurrido seis meses de la resolución originaria, salvo que esté en peligro la integridad del niño o del adolescente.

Artículo 87º.- Tenencia provisional.- Se podrá solicitar la Tenencia Provisional si el niño fuere menor de tres años y estuviere en peligro su integridad física, debiendo el Juez resolver en el plazo de veinticuatro horas.

En los demás casos, el Juez resolverá teniendo en cuenta el informe del Equipo Multidisciplinario, previo dictamen fiscal.

Esta acción sólo procede a solicitud del padre o la madre que no tenga al hijo bajo su custodia.

No procede la solicitud de Tenencia Provisional como medida cautelar fuera de proceso

## CAPÍTULO III

## RÉGIMEN DE VISITAS

Artículo 88º.- Las visitas.- Los padres que no ejerzan la Patria Potestad tienen derecho a visitar a sus hijos, para lo cual deberán acreditar con prueba suficiente el cumplimiento o la imposibilidad del cumplimiento de la obligación alimentaria. Si alguno de los padres hubiera fallecido, se encontrara fuera del lugar de domicilio o se desconociera su paradero, podrán solicitar el Régimen de Visitas los parientes hasta el cuarto grado de consanguinidad de dicho padre.

El Juez, respetando en lo posible el acuerdo de los padres, dispondrá un Régimen de Visitas adecuado al Principio del Interés Superior del Niño y del Adolescente y podrá variarlo de acuerdo a las circunstancias, en resguardo de su bienestar.

Artículo 89º.- Régimen de Visitas.- El padre o la madre que haya sido impedido o limitado de ejercer el derecho de visitar a su hijo podrá interponer la demanda correspondiente acompañando la partida de nacimiento que acredite su entroncamiento.

Si el caso lo requiere podrá solicitar un régimen provisional.

Artículo 90º.- Extensión del Régimen de Visitas.- El Régimen de Visitas decretado por el Juez podrá extenderse a los parientes hasta el cuarto grado de consanguinidad y segundo de afinidad, así como a terceros no parientes cuando el Interés Superior del Niño o del Adolescente así lo justifique.

Artículo 91º.- Incumplimiento del Régimen de Visitas.- El incumplimiento del Régimen de Visitas establecido judicialmente dará lugar a los apremios de ley y en caso de resistencia podrá originar la variación de la Tenencia. La solicitud de variación deberá tramitarse como una nueva acción ante el Juez que conoció del primer proceso.

## CAPÍTULO IV

## ALIMENTOS

Artículo 92º.- Definición.- Se considera alimentos lo necesario para el sustento, habitación, vestido, educación, instrucción y capacitación para el trabajo, asistencia médica y recreación del niño o del adolescente. También los gastos del embarazo de la madre desde la concepción hasta la etapa de postparto.

Artículo 93º.- Obligados a prestar alimentos.- Es obligación de los padres prestar alimentos a sus hijos. Por ausencia de los padres o desconocimiento de su paradero, prestan alimentos en el orden de prelación siguiente:

1. Los hermanos mayores de edad;
2. Los abuelos;
3. Los parientes colaterales hasta el tercer grado; y
4. Otros responsables del niño o del adolescente.

Artículo 94º.- Subsistencia de la obligación alimentaria.- La obligación alimentaria de los padres continúa en caso de suspensión o pérdida de la Patria Potestad.

Artículo 95º.- Conciliación y prorrateo.- La obligación alimentaria puede ser prorrateada entre los obligados si es que, a criterio del Juez, aquellos se hallan materialmente impedidos de cumplir dicha obligación en forma individual.

En este caso, los obligados pueden acordar el prorrateo mediante conciliación convocada por el responsable. Ésta será puesta en conocimiento del Juez para su aprobación.

La acción de prorrateo también puede ser iniciada por los acreedores alimentarios, en caso de que el pago de la pensión alimentaria resulte inejecutable.

Artículo 96º.- Competencia.- El Juez de Paz es competente para conocer del proceso de alimentos de los

niños o de los adolescentes cuando exista prueba indubitable de vínculo familiar, así como del cónyuge del obligado y de los hermanos mayores cuando lo soliciten conjuntamente con éstos. El Juez conocerá de este proceso hasta que el último de los alimentistas haya cumplido la mayoría de edad.

Excepcionalmente, conocerá de la acción cuando el adolescente haya llegado a la mayoría de edad estando en trámite el juicio de alimentos. Cuando el vínculo familiar no se encuentre acreditado, será competente el juez especializado.

Artículo 97º.- Impedimento.- El demandado por alimentos no puede iniciar un proceso posterior de Tenencia, salvo causa debidamente justificada

.

## CAPÍTULO V

### TUTELA Y CONSEJO DE FAMILIA

Artículo 98º.- Derechos y deberes del tutor.- Son derechos y deberes del tutor los prescritos en el presente Código y en la legislación vigente.

Artículo 99º.- Impugnación de los actos del tutor.- El adolescente puede recurrir ante el Juez contra los actos de su tutor, así como pedir la remoción del mismo.

Artículo 100º.- Juez competente.- El Juez especializado es competente para nombrar tutor y es el responsable de supervisar periódicamente el cumplimiento de su labor.

Artículo 101º.- Consejo de Familia.- Habrá Consejo de Familia para velar por la persona e intereses del niño o del adolescente que no tenga padre ni madre o que se encuentre incapacitado conforme lo dispone el artículo 619º del Código Civil.

Artículo 102º.- Participación del adolescente en el Consejo de Familia.- El adolescente participará en las reuniones del Consejo de Familia con derecho a voz y voto. El niño será escuchado con las restricciones propias de su edad.

Artículo 103º.- Proceso.- La tramitación de todo lo concerniente al Consejo de Familia se rige por lo dispuesto en el artículo 634º del Código Civil y lo señalado en el presente Código.

## CAPÍTULO VI

### COLOCACIÓN FAMILIAR

Artículo 104º.- Colocación Familiar.- Mediante la Colocación Familiar el niño o adolescente es acogido por una persona, familia o institución que se hace responsable de él transitoriamente. Esta medida puede ser dispuesta por la instancia administrativa o judicial y puede ser remunerada o gratuita.

En el proceso de adopciones se aplica como medida de aclimatamiento y de protección al niño o adolescente cuando el lugar donde vive pone en peligro su integridad física o mental. En este último supuesto, la medida es dispuesta por el PROMUDEH o la institución autorizada.

Artículo 105º.- Criterios para la Colocación Familiar.- El PROMUDEH o las instituciones autorizadas por éste

podrán decidir la colocación del niño o adolescente. Para este efecto deben considerar el grado de parentesco y, necesariamente, la relación de afinidad o afectividad con la persona, familia o institución que pretende asumir su cuidado, dándose preferencia a quienes se encuentren ubicados en su entorno local.

Artículo 106º.- Residencia de la familia sustituta.- La Colocación Familiar tendrá lugar únicamente en familias residentes en el Perú, salvo en los casos de procedimiento administrativo de adopción de niños o adolescentes declarados en estado de abandono.

Artículo 107º.- Remoción de la medida de Colocación Familiar.- El niño o adolescente bajo Colocación Familiar podrán solicitar la remoción de dicha medida ante la autoridad que la otorgó.

Artículo 108º.- Selección, capacitación y supervisión de las familias.- El PROMUDEH o las instituciones autorizadas que conduzcan programas de Colocación Familiar seleccionan, capacitan y supervisan a las personas, familias o instituciones que acogen a los niños o adolescentes.


## CAPÍTULO VII

### LICENCIA PARA ENAJENAR O GRAVAR BIENES

Artículo 109º.- Autorización.- Quienes administran bienes de niños o de adolescentes necesitan autorización judicial para gravarlos o enajenarlos por causas justificadas de necesidad o utilidad de conformidad con el Código Civil.

Artículo 110º.- Pruebas.- El administrador presentará al Juez, conjuntamente con la demanda, las pruebas que acrediten la necesidad o utilidad del contrato. Asimismo indicará los bienes que pretende enajenar o gravar.


## CAPÍTULO VIII

### AUTORIZACIONES

Artículo 111º.- Notarial.- Para el viaje de niños o adolescentes fuera del país solos o acompañados por uno de sus padres, es obligatoria la autorización de ambos padres con certificación notarial.

En caso de fallecimiento de uno de los padres o de estar reconocido el hijo por uno solo de ellos, bastará el consentimiento del padre sobreviviente o del que efectuó el reconocimiento, debiendo constar en el permiso notarial haber tenido a la vista la partida de defunción o la de nacimiento correspondiente.

En caso de que el viaje se realice dentro del país bastará la autorización de uno de los padres.

Artículo 112º.- Judicial.- Es competencia del juez especializado autorizar el viaje de niños o adolescentes dentro del país cuando falten ambos padres, y fuera del país por ausencia o disentimiento de uno de ellos, para lo cual el responsable presentará los documentos justificatorios de la petición.

En caso de disentimiento de uno de los padres o de existir oposición al viaje, se abrirá el incidente a prueba y en el término de dos días resolverá el juez, previa opinión fiscal.

La oposición que formule alguno de los padres se inscribirá en el Libro de Oposición de Viaje de los

Juzgados Especializados, el que caduca al año

.

## CAPÍTULO IX

## MATRIMONIO DE ADOLESCENTES

Artículo 113º.- El Matrimonio.- El Juez especializado autoriza el matrimonio de adolescentes, de acuerdo a lo señalado en los artículos pertinentes del Código Civil.

Artículo 114º.- Recomendación.- Antes de otorgar la autorización, el Juez escuchará la opinión de los contrayentes y con el apoyo del Equipo Multidisciplinario dispondrá las medidas convenientes para garantizar sus derechos.

## TÍTULO II
## ADOPCIÓN

## CAPÍTULO I
## DISPOSICIONES GENERALES

Artículo 115º.- Concepto.- La Adopción es una medida de protección al niño y al adolescente por la cual, bajo la vigilancia del Estado, se establece de manera irrevocable la relación paterno-filial entre personas que no la tienen por naturaleza. En consecuencia, el adoptado adquiere la calidad de hijo del adoptante y deja de pertenecer a su familia consanguínea.

Artículo 116º.- Subsidiariedad de la adopción por extranjeros.- La Adopción por extranjeros es subsidiaria de la Adopción por nacionales.

En caso de concurrir solicitudes de nacionales y extranjeros, se prefiere la solicitud de los nacionales.

Artículo 117º.- Requisitos.- Para la Adopción de niños o de adolescentes se requiere que hayan sido declarados previamente en estado de abandono, sin perjuicio del cumplimiento de los requisitos señalados en el artículo 378º del Código Civil.

Artículo 118º.- Situaciones imprevistas.- Si ocurrieren circunstancias imprevistas que impidan culminar el trámite de adopción, la Oficina de Adopciones adoptará las medidas pertinentes teniendo en cuenta el Interés Superior del Niño y del Adolescente.

## CAPÍTULO II

## TITULAR DEL PROCESO

Artículo 119º.- Titular del proceso.- La Oficina de Adopciones de la Gerencia de Promoción de la Niñez y la Adolescencia del PROMUDEH es la institución encargada de tramitar las solicitudes de Adopción de niños o de adolescentes declarados en estado de abandono, con las excepciones señaladas en el artículo 128º del presente Código. Sus atribuciones son indelegables, salvo lo dispuesto en la Ley.

Esta Oficina cuenta con un Consejo de Adopciones conformado por seis miembros: dos designados por el PROMUDEH, uno de los cuales lo presidirá; uno por el Ministerio de Justicia y uno por cada colegio profesional de psicólogos, abogados y asistentes sociales.

La designación de los integrantes del Consejo de Adopciones será ad honórem, tendrá una vigencia de dos años y sus funciones específicas serán señaladas en el Reglamento.

**Artículo 120º.- Registro Nacional de Adopciones.-** La Oficina de Adopciones cuenta con un registro, en el que se inscribirán las adopciones realizadas a nivel nacional. En él deben constar, expresamente, los datos de los adoptantes: nombre, nacionalidad, domicilio, estado civil, institución extranjera que lo patrocina y los datos del niño o del adolescente.

## CAPÍTULO III

### PROGRAMA DE ADOPCIÓN

**Artículo 121º.- Programa de Adopción.-** Por Programa de Adopción se entiende el conjunto de actividades tendentes a brindar hogar definitivo a un niño o adolescente. Comprende su recepción y cuidado, así como la selección de los eventuales adoptantes.

El niño o el adolescente ingresarán a un Programa de Adopción sólo con la autorización de la Oficina de Adopciones.

**Artículo 122º.- Desarrollo de Programas de Adopción.-** Solamente desarrollan Programas de Adopción la Oficina de Adopciones de la Gerencia de Promoción de la Niñez y la Adolescencia del PROMUDEH o las instituciones públicas debidamente autorizadas por ésta.

**Artículo 123º.- Trámites.-** La Oficina de Adopciones y las instituciones autorizadas para participar en Programas de Adopción están prohibidas de otorgar recompensa alguna a los padres por la entrega que hagan de sus hijos para ser dados en Adopción y de ejercer sobre ellos presión alguna para obtener su consentimiento. El incumplimiento de esta disposición, sin perjuicio de las acciones penales a que haya lugar, acarrea la destitución del funcionario infractor o la cancelación de la licencia de funcionamiento si el hecho se hubiere cometido por una institución autorizada para llevar a cabo Programas de Adopción.

**Artículo 124º.- Garantías para el niño y el adolescente.-** Mientras permanezca bajo su cuidado, la institución autorizada para desarrollar Programas de Adopción garantizará plenamente los derechos de los niños o de los adolescentes susceptibles de ser adoptados. Está prohibida la entrega de niños o de adolescentes a cualquier persona o institución sin cumplir los requisitos consagrados en la presente Ley.

**Artículo 125º.- Supervisión de la Oficina de Adopciones.-** La Oficina de Adopciones asesora y supervisa permanentemente a las instituciones que desarrollan Programas de Adopción.

**Artículo 126º.- Sanciones.-** En caso de incumplimiento o violación de las disposiciones establecidas en este Código o su reglamento que expedirá el PROMUDEH, la Oficina de Adopciones aplicará sanciones a las instituciones, según la gravedad de la falta, sin perjuicio de las responsabilidades civiles o penales a que hubiese lugar.

## CAPÍTULO IV

## PROCEDIMIENTO ADMINISTRATIVO DE ADOPCIONES

Artículo 127º.- Declaración previa del estado de abandono.- La Adopción de niños o de adolescentes sólo procederá una vez declarado el estado de abandono, salvo los casos previstos en el artículo 128º del presente Código.

## CAPÍTULO V

## PROCESO JUDICIAL DE ADOPCIONES

Artículo 128º.- Excepciones.- En vía de excepción, podrán iniciar acción judicial de adopción ante el Juez especializado, inclusive sin que medie declaración de estado de abandono del niño o del adolescente, los peticionarios siguientes:

a) El que posea vínculo matrimonial con el padre o madre del niño o el adolescente por adoptar. En este caso el niño o adolescente mantienen los vínculos de filiación con el padre o madre biológicos;

b) El que posea vínculo de parentesco hasta el cuarto grado de consanguinidad o segundo de afinidad con el niño o adolescente pasible de adopción; y

c) El que ha prohijado o convivido con el niño o el adolescente por adoptar, durante un período no menor de dos años.

## CAPÍTULO VI

## DISPOSICIONES ESPECIALES PARA ADOPCIONES INTERNACIONALES

Artículo 129º.- Adopción internacional.- Entiéndase por Adopción Internacional la solicitada por residentes en el exterior. Éstos no están exceptuados de los procedimientos y plazos establecidos en el presente Código.

Para que proceda este tipo de adopción es indispensable la existencia de convenios entre el Estado Peruano y los Estados de los extranjeros adoptantes o entre las instituciones autorizadas por éstos.

Los extranjeros residentes en el Perú con una permanencia menor de dos años se rigen por las disposiciones sobre Adopción internacional. Los extranjeros residentes en el Perú con una permanencia mayor se sujetan a las disposiciones que rigen la Adopción para los peruanos.

Artículo 130º.- Obligatoriedad de Convenios.- Los extranjeros no residentes en el Perú que desearan adoptar a un niño o adolescente peruano presentarán su solicitud de Adopción, por medio de los representantes de los centros o instituciones autorizados por ese país para tramitar adopciones internacionales. Lo harán ante la Oficina de Adopciones o las instituciones públicas debidamente autorizadas por ésta.

Estas organizaciones actuarán respaldadas en convenios celebrados entre el Estado del Perú y los Estados correspondientes, o entre los organismos reconocidos por su Estado de origen y el Estado Peruano.

## CAPÍTULO VII

**ETAPA POSTADOPTIVA**

Artículo 131º.- Información de los adoptantes nacionales.- Los adoptantes peruanos deben informar sobre el desarrollo integral del niño o el adolescente semestralmente y por un período de tres años a la Oficina de Adopciones o a las instituciones debidamente autorizadas por ésta.

Artículo 132º.- Información de los adoptantes extranjeros.- El centro o institución extranjera que patrocinó a los adoptantes será responsable de la supervisión del estado del niño y, en su caso, de la legalización de la Adopción en el país de los adoptantes. A este efecto, remitirá periódicamente, de conformidad con los convenios suscritos, los informes respectivos dirigidos a la Oficina de Adopciones.

**LIBRO CUARTO**
**ADMINISTRACIÓN DE JUSTICIA ESPECIALIZADA EN EL NIÑO Y EL ADOLESCENTE**

**TÍTULO I**

**JURISDICCIÓN Y COMPETENCIA**

Artículo 133º.- Jurisdicción.- La potestad jurisdiccional del Estado en materia familiar se ejerce por las Salas de Familia, los Juzgados de Familia y los Juzgados de Paz Letrados en los asuntos que la Ley determina. En Casación resolverá la Corte Suprema.

Los Juzgados de Familia asumen competencia en materia civil, tutelar y de infracciones y se dividen en tales especializaciones, siempre que existan como Juzgados Especializados.

Artículo 134º.- Salas de Familia.- Las Salas de Familia conocen:

a) En grado de apelación, los procesos resueltos por los Juzgados de Familia;
b) De las contiendas de competencia promovidas entre Juzgados de Familia del mismo distrito judicial y entre éstos y otros juzgados de distinta especialidad de su jurisdicción territorial;
c) De las quejas de derecho por denegatoria del recurso de apelación; y
d) De los demás asuntos que señala la ley.

Artículo 135°.- Competencia.- La competencia del juez especializado se determina:

a) Por el domicilio de los padres o responsables;
b) Por el lugar donde se encuentra el niño o adolescente cuando faltan padres o responsables; y
c) Por el lugar donde se cometió el acto infractor o por el domicilio del adolescente infractor, de sus padres o responsables.

La ley establece la competencia en las materias de contenido civil y tutelar.

En los supuestos de conexión, la competencia en las materias de contenido penal se determinará conforme a las normas contenidas en el Código de Procedimientos Penales.

**CAPÍTULO I**

**JUEZ DE FAMILIA**