## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re Application of: | ) | |
| | ) | NO.  08 - CV - 50031 |
| CARLOS VITERI, | ) | |
| | ) | |
| Petitioner, | ) | Judge Frederick J. Kapala |
| | ) | |
| vs. | ) | |
| | ) | |
| GABRIELLA MARIA PFLUCKER, | ) | |
| | ) | |
| Respondent. | ) | |

### RESPONDENT'S REPLY IN SUPPORT OF RULE 12(B)(1) MOTION TO DISMISS

Respondent Gabriella Maria Pflucker respectfully submits this Reply in Support of her Motion to Dismiss based on the fact that this Honorable Court lacks subject matter jurisdiction over this matter.

Petitioner's Response to Respondent's Motion points out Respondent's admittedly in-artful equation of two dates: The date Peru acceded (became a Contracting State), to the Hague Convention On The civil Aspects Of International Child Abduction (hereinafter Convention) and the Entry Into Force date. (The date the Convention became effective between Peru and the United States.)  Pursuant to Article 35 of the Convention, however, the distinction of these two dates is a distinction without a difference.

Peru acceded to the Convention, pursuant to Article 38, on May 28, 2001.  The relevant portions of Article 38 of the Convention state as follows:

> Any other State may accede to the Convention. . . .The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. . . .The Convention will enter into force as between the acceding State and the State that has declared its

acceptance of the accession on the first day of the third calendar months after the deposit of the declaration of acceptance.

Hague Convention On The Civil Aspects Of International Child Abduction, Article 38.

Pursuant to Article 35:  "This Convention shall apply as between Contracting States only to wrongful removals or retentions occurring after its entry into force in those States."

Peru acceded to the Convention and thus became a Contracting State on May 28, 2001.  The United States accepted Peru's accession and the Entry In to Force Date of the Convention between Peru and the United States was June 1, 2007.  Ms. Pflucker and her daughter left Peru on September 3, 2005, almost two years before the Convention became effective between Peru and the United States.

Ms. Pflucker's Motion To Dismiss should be granted because 1) Peru's status as a Contracting State prior to the date of the abduction or retention does not satisfy the jurisdictional requirements of Article 35 of the Convention; 2) the Convention coupled with what serves as the legislative intent of the authors, show that Article 35 should be strictly construed; and, 3) even though the Convention allows Contracting States to expand its scope neither Peru or the United States has agreed to apply the Convention retroactively.

Petitioner cites to Gonzalez v.Gutierrez, 311 F.3d 942 (9th Cir. 2002), to support the concept that this Honorable Court should look beyond the words of the Hague Convention to the treaty's purpose and legislative history.  In Gonzalez the Ninth Circuit stated:

> Although in interpreting a treaty we "begin with the text," we may "look beyond the written words" to other factors for interpretive guidance. Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 534-35, 113 L. Ed. 2d 569, 111 S. Ct. 1489 (1991)(internal quotations omitted). Appropriate sources to consult include the purposes of the treaty, its drafting history, and its post-ratification understanding. See El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 167-76, 142 L. Ed. 2d

576, 119 S. Ct. 662 (1999).

Id. at 948.

Ms. Pflucker has provided the Court with what amounts to the drafting history and an example of how the relevant articles have been interpreted.

The two basic issues before this Court are whether the Convention should be applied retroactively and whether a retention is an ongoing act. Petitioner would have this Honorable Court answer both of those questions in the affirmative. If that be the case then Articles 12 and 35 have no meaning. As Judge Marbley stated in Taveras: "[T]he Hague Convention's scope is a limited one". Taveras v. Taveras, 397 F.Supp. 2d. 908, 911 (S. Dist. Ohio, E.D., 2005). He then went on to quote the Federal Register:

> A threshold inquiry, therefore, is whether the child who has been abducted or retained is subject to the Convention's provisions. Only if the child falls within the scope of the convention will the administrative and judicial mechanisms of the Convention apply."

Id., citing 51 Fed. Reg. 10,494, 10,504.

Petitioner would merge the threshold inquiry of subject matter jurisdiction with the substantive merits of the case. Applying the Convention retroactively and determining retention to be an ongoing act destroys the limited scope and finely crafted judicial mechanisms of the Convention. Article 36 of the Convention allows Contracting States to agree among themselves to derogate from the terms of the Convention by agreeing to apply the Convention retroactively. Peru and the United States have not made such an agreement.

WHEREFORE, Gabriella Maria Pflucker, prays this Honorable Court dismiss this matter immediately and assess all costs to Petitioner.

Respectfully submitted,

Gabriella Maria Pflucker

By:

/S    Robert M. Fagan
Attorney for Respondent

The Law Offices of Robert M. Fagan, Ltd.
210 Lincoln Douglas Center
10 North Galena Avenue
Freeport, IL 61032
815.233.5800
815.232.5500 Facsimile
Fagan@prodigy.net

## CERTIFICATE OF FILING AND SERVICE

I, Robert M. Fagan, certify that on April 30, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**Respondent's Reply Memorandum In Support of Rule 12(b)(1) Motion To Dismiss**

was served pursuant to the district court's ECF system as to ECF filers, including Rosa M. Tumialan, and was delivered to the following non-ECF filers by United States Mail:

Hon. Frederick J. Kapala, Judge
United States District Court
Northern District of Illinois
211 South Court Street
Rockford, Illinois 61101

      /S
ROBERT M. FAGAN
Attorney for the Respondent